IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON O. SOLOMON                                               PLAINTIFF

v.                              Civil No. 4:13-cv-04126

CORPORAL ALLEN SANDERS;
and DEWAYNE FLOYD                                               DEFENDANTS

## ORDER

Plaintiff filed this section 1983 action on December 30, 2013.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Currently before the Court are Plaintiff's: (1) Motion to Supplement Complaint (ECF No. 8); (2) Motion to Supplement Complaint (ECF No. 9); (3) Motion to Supplement Complaint (ECF No. 10); (4) Motion to Supplement Complaint (ECF No. 12); (5) Motion to Supplement Complaint (ECF No. 14); (6) Motion to Supplement Complaint (ECF No. 15); (7) Motion to Supplement Complaint (ECF No. 17); (8) Motion to Supplement Complaint (ECF No. 18); (9) Motion to Supplement Complaint (ECF No. 19); (10) Motion to Subpoena (ECF No. 22); (11) Motion to Amend Complaint (ECF No. 23); (12) Motion to Subpoena (ECF No. 24); (13) Motion to Amend Complaint (ECF No. 25); (14) Motion to Amend Complaint (ECF No. 26); (15) Motion to Amend Complaint (ECF No. 27); and (16) Motion to Amend Complaint (ECF No. 28).

## I.       BACKGROUND

In Plaintiff's original Complaint he names Dewayne Floyd and Allen Sanders as Defendants and states he is suing Defendants in both their individual and official capacities.  Specifically,

1

Plaintiff claims: (1) Defendant Sanders' actions related to Plaintiff's diciplinary proceedings in November 2013 were retaliation; (2) he was the victim of a health hazard on November 21, 2013 when Defendant Floyd used sulfuric acid in West A Pod; (3) the panic button does not work in his pod; (4) his pod has only one working shower for thirty inmates; (5) there is no hot water; (6) there are no cleaning supplies; and (7) the food is cold.  ECF No. 1.

## II.    APPLICABLE LAW

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971).  Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile.  *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

2

III.    **ANALYSIS**

1.    <u>First Motion to Supplement Complaint (ECF No. 8)</u>

In Plaintiff's first Motion to Supplement his Complaint he requestS a protective order against Defendant Sanders and a transfer from the Miller County Detention Center ("MCDC") because he fears Defendant Sanders will retaliate against him for filing this lawsuit.  The Court notes that Plaintiff's address of record indicates he has been transferred to the Arkansas Department of Corrections ("ADC").  Therefore, Plaintiff's request for a protective order and transfer are moot as he is no longer incarcerated at the MCDC where Defendant Sanders is employed.

Next, Plaintiff seeks to supplement his Complaint with statements regarding Defendant Sanders refusing another inmate a blanket and Defendant Sander's threatening Plaintiff on January 4, 2014.

Pursuant to Rule 15, Plaintiff is entitled to this amendment as a matter of right because it was filed within twenty-one (21) days of Defendants being served.[1]  Accordingly, Plaintiff's first Motion to Supplement Complaint (ECF No. 8) is **GRANTED**.

2.    <u>Second Motion to Supplement Complaint (ECF No. 9)</u>

In his second Motion to Supplement his Complaint, Plaintiff: seeks to add Warden Brazell as a defendant because he "stands as a defense for [Defendant] Sanders without investigation" regarding the threats Defendant Sanders allegedly made to Plaintiff; states that he is suing Brazell in both his individual and official capacities; and states that he was

---

[1] Defendants were served on January 21, 2014 (ECF No. 11) and Plaintiff filed his Supplement on January 7, 2014 (ECF No. 8).

incarcerated for a parole violation at the time the incident occurred.   Additionally, Plaintiff makes many references to his original Complaint and attaches grievances he filed in January 2014 regarding copies he was denied and the lack of a working panic button in his pod.

A claim   of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.   *See Monell,* 436 U.S. at 694.   "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").   In other words, Warden Brazell, cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights.   *Id.*   Plaintiff did not offer any facts or allegations in his Motion indicating Warden Brazell played any role in the conduct Plaintiff complains of in his Complaint.   Therefore, allowing Plaintiff leave to amend his Complaint in order to add Warden Brazell as a defendant would be futile.

Further, a motion to amend is not the proper avenue for presenting evidence or exhibits to the Court.   Plaintiff's conditions of confinement claims have been stated in his Complaint. Any evidence he has to support these claims should be properly submitted in connection with a motion for summary judgment or at an evidentiary hearing.

Accordingly, Plaintiff's fourth Motion to Supplement (ECF No. 9) is **DENIED.**

3.   Third Motion to Supplement Complaint (ECF No. 10)

In his third Motion to Supplement his Complaint, Plaintiff reiterates allegations already made in his original complaint regarding the denial of grievance copies and the use of sulfuric

4

acid in the West A pod.  Plaintiff also moves the Court to request Defendants produce Plaintiff's written grievances and the work order related to the use of sulfuric acid in West A pod on November 21, 2013.

Initially the Court notes, pursuant to the Federal Rules of Civil Procedure, discovery request and answers are not filed with the Court unless they are being used as evidence in support of a motion, in response to a motion, or as exhibits at a hearing or trial.  Fed. R. Civ. P. 5(d)(1).  Accordingly, the Court will not direct Defendants to produce the requested documents to Plaintiff.  Plaintiff must make these discovery requests directly to Defendants' counsel, Mr. Colin P. Wall at Rainwater, Holt, and Sexton, P.O. Box 17250, Little Rock, Arkansas 72222.

Further, the Court notes the proposed supplements to Plaintiff's Complaint would be futile as he simply reiterates claims already made in his Complaint.

Accordingly, Plaintiff's third Motion to Supplement (ECF No. 10) is **DENIED**.

4.   Fourth Motion to Supplement Complaint (ECF No. 12)

In Plaintiff's fourth Motion to Supplement his Complaint he seeks to support his claims regarding the conditions of his confinement with a grievance dated January 12, 2014.  In this grievance Plaintiff complains that his sink, shower, and "sign" need repairing and Warden Brazell responds that the staff works on these type issues daily.

As explained above a motion to amend is not the proper avenue for presenting evidence or exhibits to the Court.  Plaintiff's conditions of confinement claims have been stated in his Complaint.  Any evidence he has to support these claims should be properly submitted in connection with a motion for summary judgment or at an evidentiary hearing.

5

Accordingly, Plaintiff's fourth Motion to Supplement (ECF No. 12) is **DENIED.**

     5.     <u>Fifth Motion to Supplement Complaint (ECF No. 14)</u>

In Plaintiff's fifth Motion to Supplement his Complaint he seeks to supplement his Complaint with a grievance dated January 26, 2014.  Plaintiff argues this grievance supports his claims that Defendant Sanders is unstable and abusive.  Additionally, Plaintiff seeks to add a grievance about the panic button dated January 25, 2014.

Again, a motion to amend is not the proper avenue for presenting evidence or exhibits to the Court.  Plaintiff's claims against Defendant Sanders and his claim relating to the panic button have been stated in his Complaint.  Any evidence he has to support these claims should be properly submitted in connection with a motion for summary judgment or at an evidentiary hearing.

Accordingly, Plaintiff's fifth Motion to Supplement (ECF No. 14) is **DENIED.**

     6.     <u>Sixth Motion to Supplement Complaint (ECF No. 15)</u>

Plaintiff's sixth Motion to Supplement his Complaint consist of two witness statements from fellow inmates regarding the sulfuric acid usage complained of in Plaintiff's Complaint.

Again, a motion to amend is not the proper avenue for presenting evidence or exhibits to the Court.  Plaintiff's claims regarding the sulfuric acid have been stated in his Complaint.  Any evidence, including witness statements, he has to support these claims should be properly submitted in connection with a motion for summary judgment or at an evidentiary hearing.

Accordingly, Plaintiff's sixth Motion to Supplement (ECF No. 15) is **DENIED.**

     7.     <u>Seventh Motion to Supplement Complaint (ECF No. 17)</u>

In Plaintiff's seventh Motion to Supplement, he seeks to add a claim that MCDC

violated its own diciplinary procedures by locking Plaintiff down in segregation on February 5, 2014.   Plaintiff also reiterates arguments made in his Complaint and prior Motions to Supplement.

Plaintiff makes no connection between his allegations relating to his February 5, 2014 lockdown and the claims stated in his Complaint.  The Court need not grant Plaintiff leave to amend his Complaint when Plaintiff seeks to add claims unrelated to those alleged in his Complaint.  *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992).

Accordingly, Plaintiff's seventh Motion to Supplement (ECF No. 17) is **DENIED**. Plaintiff may file a new and separate section 1983 Complaint related to his February 5, 2014 lockdown if he wishes.

8.   Eighth Motion to Supplement Complaint (ECF No. 18)

In Plaintiff's eighth Motion to Supplement Complaint: he submits another inmates statement; requests the Court direct the United States Marshal Service ("USMS") to file charges against Defendant Sanders for retaliation, terroristic threatening, and harassment; requests the Court direct the USMS to request MCDC produce the video and audio "for each and every event listed or stated in (all) the Follow Document 1, 8, 9, 14 . . . " (errors in original); requests the USMS investigate all of Plaintiff's allegations; makes arguments that his February 2014 diciplinary hearing was unfair because Defendant Floyd was present; and requests the Court amend his Complaint to include a "conflict of interest and harassment" claim against Defendant Floyd.

As previously explained, discovery request should be directed to Mr. Wall at Rainwater, Holt, and Sexton.

Further, the Court will not direct the USMS to conduct discovery on Plaintiff's behalf.

Additionally, as the Court explained above, any claims relating to Plaintiff's February 2014 diciplinary proceedings are unrelated to the claims alleged in the Complaint and leave will not be granted to amend them here.   Again, Plaintiff may make any claims relating to the February 2014 lockdown and diciplinary proceedings in a new section 1983 complaint.

Lastly, the Court will not order the USMS to file any charges or conduct any investigation into Plaintiff's claims against Defendant Sanders.   *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004) ("[F]ederal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities.").

Accordingly, Plaintiff's eighth Motion to Supplement (ECF No. 18) is **DENIED**.

9.    Ninth Motion to Supplement Complaint (ECF No. 19)

In Plaintiff's ninth Motion to Supplement his Complaint he seeks to add a denial of medical care claim to his Complaint regarding a sick call he placed on February 10, 2014. Plaintiff also seeks to add the "tag" of the sulfuric acid used in West A pod.

As explained above, the Court need not grant Plaintiff leave to amend his Complaint when Plaintiff seeks to add claims unrelated to those alleged in his Complaint.   *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992).   Plaintiff's denial of medical care claim is completely unrelated to the claims asserted in his Complaint.

Further, as also explained above, the Court will not grant Plaintiff leave to supplement his Complaint in order to add exhibits.   Any evidence, including the tag from the sulphuric acid at issue, Plaintiff has to support his claims should be properly submitted in connection

8

with a motion for summary judgment or at an evidentiary hearing.

Accordingly, Plaintiff's ninth Motion to Supplement Complaint (ECF No. 19) is **DENIED**.

    10.    <u>First Motion to Subpoena (ECF No. 22)</u>

While titled a Motion to Subpoena, the Court construes this document as yet another motion to amend his Complaint. In this Motion, again Plaintiff requests the Court add Warden Brazell as a Defendant in this matter.

Plaintiff's only basis for adding Warden Brazell to this action is that he "Has Been a great support system for the two said Defendants." ECF No. 22. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Warden Brazell, cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights. *Id.* Plaintiff did not offer any facts or allegations in his Motion to Subpoena indicating Warden Brazell played any role in the conduct Plaintiff complains of in his Complaint. Therefore, allowing Plaintiff leave to amend his Complaint in order to add Warden Brazell as a defendant would be futile.

Accordingly, Plaintiff's first Motion to Subpoena (ECF No. 22) is **DENIED.**

    11.    <u>First Motion to Amend (ECF No. 23)</u>

In his first Motion to Amend, Plaintiff seeks to amend his original Complaint by adding Miller County Correctional Center (a.k.a. Miller County Detention Center) and Miller County Sheriff's Office as Defendants.  Plaintiff also seeks to amend his requested relief to include compensatory damages for "mental anguish, the endangerment of my life and health" and punitive damages.

Both the Miller County Correctional Center and the Miller County Sheriff's office are buildings and not persons or legal entities subject to suit under section 1983.  *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).  Therefore, neither can be named as defendants in this matter.

Further, Plaintiff already noted he was seeking both compensatory and punitive damages in his original Complaint.

Therefore, both amendments sought in Plaintiff's first Motion to Amend would be futile. Accordingly, Plaintiff's first Motion to Amend (ECF No. 23) is **DENIED**.

12.    <u>Second Motion to Subpoena (ECF No. 24)</u>

As with Plaintiff's first Motion to Subpoena, the Court construes this document as an additional motion to amend his Complaint.  In this Motion, Plaintiff again requests the Court add Warden Brazell and Lt. Adams as Defendants in this matter because they were both

10

notified of the incident with the sulfuric acid.

As stated above, Warden Brazell and Lt. Adams cannot be held vicariously liable for Defendants actions.  Further, in order to establish liability under section 1983, Plaintiff must establish "a causal link to, and direct responsibility for, the depravation of rights" protected by the Constitution.  *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  In his Motion, Plaintiff merely alleges Brazell and Adams were notified that sulfuric acid was used in West A pod after the fact.  This fails to state a cognizable claim under section 1983.  Therefore, amending his Complaint to add Brazell and Adams as Defendants would be futile.

Accordingly, Plaintiff's second Motion to Subpoena (ECF No. 24) is **DENIED.**

13.    Second Motion to Amend (ECF No. 25)

In Plaintiff's Second Motion to Amend, he seeks to add a denial of medical care claim to his Complaint.  He alleges he was denied medical care on February 10, 2014.

As explained above, this denial of medical care claim is completely unrelated to the claims alleged in Plaintiff's Complaint.  Accordingly, Plaintiff's second Motion to Amend (ECF No. 25) is **DENIED**.

14.    Third Motion to Amend (ECF No. 26)

In Plaintiff's third Motion to Amend, he submits an affidavit reiterating the claims alleged in his Complaint and previous motions to supplement against Defendant Sanders. Additionally, Plaintiff attaches documents to this affidavit that are already filed with the Court.

For the same reasons as stated previously, Plaintiff's third Motion to Amend (ECF No. 26) is **DENIED.**

15.    Fourth Motion to Amend (ECF No. 27)

11

In Plaintiff's fourth Motion to Amend, he reiterates his allegations against Defendant Sanders and again requests the Court for compensatory and punitive damages.

For the same reasons as stated previously, Plaintiff's fourth Motion to Amend (ECF No. 27) is **DENIED**.

      16.    <u>Fifth Motion to Amend (ECF No. 28)</u>

In Plaintiff's fifth Motion to Amend, he seeks to add Warden Brazell and Lt. Adams as Defendants in this matter.  Plaintiff also attaches documents previously filed with the Court to this Motion.

For the same reasons as stated previously, Plaintiff's fifth Motion to Amend (ECF No. 28) is **DENIED**.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's: Motion to Supplement Complaint (ECF No. 8) is **GRANTED**; Motion to Supplement Complaint (ECF No. 9) is **DENIED**; Motion to Supplement Complaint (ECF No. 10) is **DENIED**; Motion to Supplement Complaint (ECF No. 12) is **DENIED**; Motion to Supplement Complaint (ECF No. 14) is **DENIED**; Motion to Supplement Complaint (ECF No. 15) is **DENIED**; Motion to Supplement Complaint (ECF No. 17) is **DENIED**; Motion to Supplement Complaint (ECF No. 18) is **DENIED**; Motion to Supplement Complaint (ECF No. 19) is **DENIED**; Motion to Subpoena (ECF No. 22) is **DENIED**; Motion to Amend Complaint (ECF No. 23) is **DENIED**; Motion to Subpoena (ECF No. 24) is **DENIED**; Motion to Amend Complaint (ECF No. 25) is **DENIED**; Motion to Amend Complaint (ECF No. 26) is **DENIED**; Motion to Amend Complaint (ECF No. 27) is **DENIED**; and Motion to Amend Complaint (ECF No. 28) is **DENIED**.

The Clerk of the Court is **DIRECTED** to file Plaintiff's first Motion to Supplement (ECF No. 8) as a Supplement to his Complaint.

Further, the Clerk of the Court is **DIRECTED** to accept no further supplements, motions to supplement complaint, amendments, or motions to amend complaint from Plaintiff without prior approval from the Court.  Plaintiff is not entitled to unlimited amendments to his Complaint.  *Zenith Radio Corp.,* 401 U.S. at 330–32.  Plaintiff cannot continue to add Defendants and claims in this matter as new incidents occur.  Additionally, Defendants in this matter have been served and filed an Answer in this matter.  Allowing such continuous amendments would be unduly prejudicial to Defendants and impede the resolution of this matter.

Additionally, the Clerk of the Court is **DIRECTED** to return to Plaintiff without filing any exhibits, evidence, or discovery request not appropriately attached to a motion.  Plaintiff will have an opportunity to present evidence to the Court in connection with a motion for summary judgment or at an evidentiary hearing.

Finally, the Clerk of the Court is **DIRECTED** to return any documents he has previously submitted for filling in this matter to Plaintiff without filing.  Plaintiff is advised that it is unnecessary to submit documents to the Court on multiple occasion.  Once Plaintiff has submitted a document to the Court it remains on the record throughout this proceeding.

**IT IS SO ORDERED this 28th day of April 2014.**

/s/ Barry A. Bryant _____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

13