IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**CLIFTON O. SOLOMON**                                                                                       **PLAINTIFF**

v.                                  Civil No. 4:13-cv-04126-SOH-BAB

**CORPORAL ALLEN SANDERS;**
**and DEWAYNE FLOYD**                                                                                     **DEFENDANTS**

## ORDER

Plaintiff filed this section 1983 action on December 30, 2013.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Currently before the Court are the following Motions: Plaintiff's Motion for Summary Judgment (ECF No. 41); Defendants' Motion to Strike Motion for Summary Judgment (ECF No. 43); Plaintiff's three separate Motions to Supplement his Motion for Summary Judgment (ECF No. 60, 61 and 62); and Defendants' Motion to Strike Supplemental Motions for Summary Judgment (ECF No. 63).

**1.    BACKGROUND**

In Plaintiff's original Complaint, he names Dewayne Floyd and Allen Sanders as Defendants and states he suing Defendants in both their individual and official capacities. Specifically, Plaintiff claims: (1) Defendant Sanders's actions related to Plaintiff's diciplinary proceedings in November 2013 were retaliation; (2) he was the victim of a health hazard on November 21, 2013 when Defendant Floyd used sulfuric acid in West A Pod; (3) the panic button does not work in his pod; (4) his pod has only one working shower for thirty inmates; (5) there is no hot water; (6) there are no cleaning supplies; and (7) the food is cold.  ECF No. 1.

**2.   DISCUSSION**

Plaintiff now, in his various motions for summary judgment, moves for judgment against the Defendants.  The basis of his motion is his assertion that a video and audio recording of at least some of the incident which underlies his claim no longer exists.  He again asks the Court to order the Defendants to produce this video and audio recording.  Finally, he asks for punitive damages against Defendant Allen Sanders in his Motion to Supplement Motion for Summary Judgment. ECF No. 62.

Defendants move to strike all of Plaintiff's requests for Summary Judgment.  Defendants claim the four motions for Summary Judgment filed herein by the Plaintiff to do not comply with FED. R. CIV. P. 56 and Local Rules 7.2(a) and 56.1(a).  I agree.

Rule 56 requires a party to specifically set forth the claims on which summary judgment is sought.  Plaintiff has not done so here.  Rather he merely asserts, again, the absence of a video and audio recording he claims will prove his claims. Local Rules 7.2(a) and 56.1(a) require a party seeking summary judgment to set forth a concise statement of facts which he contends are not in dispute and which if true would entitle him to relief.  He has not set out such a statement of facts.

Rule 56 also requires a party seeking summary judgment to point to specific portions of the record, depositions, documents, affidavits, declarations, admissions or answers to interrogatories which will support the specific facts he alleges are not in dispute.   Here, Plaintiff has set out no such facts in his motions.  In the Motion to Supplement Summary Judgment, he simply makes a damage claim against one of the Defendants. He has certainly not demonstrated such facts by supporting those with something in the record.  In short,

Plaintiff's four motions for summary judgment, even when considered liberally, wholly fail to comply with Rule 56.

**IT IS THEREFORE ORDERED** Defendants' Motions to Strike (ECF No. 43 and 63) are **GRANTED.** Plaintiff's Motion for Summary Judgment (ECF No. 41) and three separate Motions to Amend or Supplement his Motion for Summary Judgment (ECF No. 60, 61 and 62) are **STRICKEN and DENIED** for failure to comply with FED. R. CIV. P. 56 and Local Rules 7.2(a) and 56.1(a).

**IT IS SO ORDERED this 14th day of April 2015.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE