IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON O. SOLOMON                                                                             PLAINTIFF

v.                                              Civil No. 4:13-cv-04126

CORPORAL ALLEN SANDERS;
and DEWAYNE FLOYD                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Clifton Solomon pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment (ECF No. 80) and Plaintiff's failure to prosecute this matter. I held a hearing to hear Plaintiff's oral response to Defendants' Motion on November 23, 2015. Plaintiff failed to appear. After careful consideration, I make the following Report and Recommendation.

**1.      BACKGROUND**

Plaintiff originally filed this case *pro se* on December 30, 2013. ECF No. 1. In his Complaint, Plaintiff claims his constitutional rights were violated (1) by the conditions of his confinement; (2) the use of chemicals in his pod; and (3) when he was retaliated against. ECF No. 1. Plaintiff was housed in the Miller County Detention Center ("MCDC") at the time of the

1

alleged violations.

In the filing Order on December 30, 2013, Plaintiff was advised that it was his responsibility to keep the Court informed of his current address and failure to do so could result in dismissal of this matter.  ECF No. 3.

On September 23, 2015, I entered an Order directing Defendants to file a Motion for Summary Judgment and setting a hearing for November 23, 2015 for Plaintiff to orally respond to Defendants' Motion for Summary Judgment.  ECF No. 77.  Defendants' filed their Motion on October 19, 2015.  ECF No. 80.  Plaintiff, however, failed to appear at the hearing on November 23, 2015.

Plaintiff notified the Clerk in May 2015 that he was transferred from the MCDC to the Arkansas Department of Correction ("ADC").  ECF No. 69.  Defendants' Motion for Summary Judgment and the Order setting the November 23, 2015 hearing were sent to Plaintiff at the ADC address he provided and not returned as undeliverable mail.

On November 5, 2015, the Clerk received mail (a Video Conferencing Order relating to the November 23, 2015 hearing) sent to Plaintiff at the ADC returned as undeliverable mail and marked "paroled."  ECF No. 84.  Upon its own research, the Court determined Plaintiff's home address and changed his address of record to reflect such.  ECF No. 85.

On November 13, 2015, I entered an Order to Show Cause directing Plaintiff to show cause why he failed to inform the Court of his address change and also to advise Plaintiff that the November 23, 2015 summary judgment hearing would proceed as scheduled.  ECF No. 86.  This Order was mailed to Plaintiff's address of record (his home address) and was not returned as undeliverable mail.

Plaintiff failed to appear at the hearing on November 23, 2015 to respond to Defendants's Motion for Summary Judgment. The hearing was scheduled to begin at 10:00 a.m. At 10:15 a.m., I noted that Plaintiff had failed to appear and excused Defendants' counsel Mr. Sanderfer. Plaintiff never appeared at the courthouse on November 23, 2015.

Furthermore, this is not the first time Plaintiff has failed to prosecute his pending case in this Court. In 2011, the Court dismissed a similar case Plaintiff filed because Plaintiff was released from prison and stopped prosecuting the case and communicating with the Court. *See Solomon v. Lafayette,* Civil No. 4:10-cv-04151.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply

with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Court's December 30, 2013 Order and the Local Rules by failing to keep the Court informed of his current address.  Further, Plaintiff failed to comply with the Court's September 23, 2015 Scheduling Order and the Court's November 13, 2015 Order to Show Cause when he failed to appear at the summary judgment hearing on November 23, 2015.  Lastly, Plaintiff has failed to prosecute this matter.  Plaintiff has not communicated with the Court since April 2015 when he informed the Court he was transferred to the ADC, and Plaintiff has failed to object in any way to Defendants' Motion to Summary Judgment.

Due to Plaintiff's pattern of intentional delay and disobedience of Court orders, I recommend Plaintiff's Complaint be dismissed with prejudice.  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown,* 806 F.2d at 803–04.  Plaintiff has exhibited a

pattern of intentional dely and willful disobedience here. *See Hunt,* 203 F.3d at 527 (8th Cir. 2000). The Court sent notification of the November 23, 2015 hearing to Plaintiff while he was still incarcerated in the ADC and then again to his home address after his release. Neither of these notifications were returned as undeliverable mail. Therefore, I find Plaintiff received both of these notifications and disregarded them.

Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b). Further, I recommend Defendants' Motion for Summary Judgment (ECF No. 80) be terminated.

**The Parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of November 2015.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE